UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

LAWRENCE A. STEIN,

    Plaintiff,

v.

ROYAL BANK OF CANADA,

    Defendant.

Civil No. 98-1748 (JAF)

## AMENDED OPINION AND ORDER
## NUNC PRO TUNC

On March 24, 1995, Plaintiff, Lawrence A. Stein, entered into a pledge agreement (the "Agreement") with Defendant, the Royal Bank of Canada. Plaintiff pledged a certificate of deposit ("CD") to Defendant as collateral for a loan transaction between Prodisc Puerto Rico, Inc, ("Prodisc"), the debtor, and Defendant, the creditor. The cash value of the CD was $500,000, plus the interest earned on that amount. On December 30, 1997, Defendant notified Plaintiff that Prodisc defaulted on the loan and, therefore, Defendant was applying the cash value of the CD in accordance with the Agreement, in order to pay for Prodisc's debt.

Following Prodisc's default, on September 30, 1997, Defendant debited the amount of $32,534.05 from the interest that the CD had generated while in the possession of Defendant. Plaintiff immediately objected to Defendant's action. Then, on December 30, 1997, Defendant sent Plaintiff a letter by fax indicating that Prodisc had defaulted on its loan and that Defendant planned to apply

Civil No. 98-1748 (JAF)                                          -2-

the amount of the CD to Prodisc's outstanding debt.

The Agreement states: "[t]he securities, as well as renewals, substitutions and proceeds thereof, are lodged with the Bank as general collateral, securing payment of the present indebtedness and/or any future debt or obligation . . . for principal or interest, . . . as well as any unpaid balance thereof." The Agreement also provides that Defendant "[h]ad the option to use any remedies within its reach to collect [the] debts and principal obligations, without prejudice of later proceeding against all or any of the pledged securities, or the additional ones or substitutes thereof."

We find that Plaintiff's CD was the appropriate subject of Defendant's direct set-off because the value of the CD in cash was certain and constituted a liquidated amount of currency, and because no practical purpose would have been served by its forced execution, its submission to alternative notarial bidding procedures, or by selling it at public auction to the highest bidder. Moreover, Plaintiff was on notice as early as September 30, 1997 of Defendant's intention to appropriate the CD when Defendant debited the interest accrued on the CD.

Accordingly, we find Defendant's unilateral set-off was proper as a matter of law and **GRANT** Defendant's motion to dismiss *nunc pro tunc* August 12, 1999.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 10th day of January, 2000.

JOSE ANTONIO FUSTE
U.S. District Judge

AO 72
(Rev 8/82)